UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE DANCEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC., a Delaware Corporation,<br><br>Defendant. | Case No. |

**NOTICE OF REMOVAL TO THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

Defendant Groupon, Inc. ("Defendant"), by its attorneys, Novack and Macey LLP, removes this action from the Circuit Court of Cook County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

**BACKGROUND**

1. This case involves Defendant's alleged implementation of an "Instagram Widget" on its website in 2015 and early 2016.

2. The Instagram Widget allegedly enabled visitors to Defendant's website to view photographs that were taken at the location of one of Defendant's deal or merchant pages, and were then publicly posted to those an Instagram users' accounts.

3. Plaintiff Christine Dancel ("Plaintiff") alleges that Defendant violated the Illinois Right to Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq.*, when it allegedly displayed her photograph, even though Plaintiff consented to Instagram's public display of her photograph and it was publicly-available for the entire world to see.

## THE STATE COURT CASE

4.	On or about February 5, 2016, Plaintiff individually, and on behalf of all others similarly situated, filed a one-count Class Action Complaint and Demand for Jury Trial (the "Complaint") against Defendant in the Circuit Court of Cook County, Illinois. (A copy of the Complaint is attached as Exhibit A.) The same day, Plaintiff filed her Motion and Memorandum in Support of Class Certification (the "Class Motion"). (A copy of the Class Motion is attached as Exhibit B.)

5.	The Complaint alleges that Defendant violated the IRPA when it "requested Plaintiff's and Class members' Instagram photographs from their personal Instagram account and displayed them on [Defendant's] Deal offer pages." (Compl. ¶ 38.) The photographs that allegedly appeared on Groupon's website were Instagram photographs "taken at the location of the offered businesses." (*Id*. ¶ 15.)

6.	The Complaint and Class Motion both defined the class that Plaintiff hoped to certify as limited to "Illinois residents." (*Id.* ¶ 29; Class Motion at 4-5.) In particular, Plaintiff originally defined the purported class as: "All *Illinois residents* (1) who maintain an Instagram account, and (2) whose photograph(s) from such Instagram account have appeared on a Groupon Deal offer page" (the "Original Class Definition"). (*Id*; emphasis added.)

7.	The Complaint seeks, among other things, an order, (a) certifying the case as a class action; (b) declaring that Defendant's conduct constituted a violation of the IRPA; (c) awarding the "greater of actual damages . . . or statutory damages in the amount of $1,000 per violation; and (d) awarding Plaintiff and the class litigation expenses, pre- and post-judgment interest, and attorneys' fees. (Compl. ¶ 43.)

2

8. On March 16, 2018, Plaintiff filed her Amended Motion and Memorandum in Support of Motion for Class Certification (the "Amended Class Motion" or "Am. Class Mot.").[1]

9. The Amended Class Motion seeks to certify a dramatically broader class than that described in the Original Class Definition. Plaintiff now seeks certification of two classes consisting of:

> **Instagram Class**: All persons who maintained an Instagram account and whose photograph (or photographs) from such account was (or were) acquired and used on a groupon.com webpage for an Illinois business (the "Class").
>
> **Personal Photo Subclass**: All members of the Instagram Class whose likeness appeared in any photograph acquired and used by Groupon (the "Subclass").

(the "New Class Definition"). (Am. Class Mot. at 2.)

10. Most notably, and as is relevant for this Notice of Removal, the New Class Definition is not limited to "Illinois residents", as was the Original Class Definition. In fact, the New Class Definition includes putative class members anywhere in the world who have an Instagram account.[2]

## BASIS FOR REMOVAL TO FEDERAL COURT

11. The Complaint is a class action lawsuit and can be removed pursuant to 28 U.S.C. § 1453. The Complaint states that "Plaintiff brings this action, pursuant to 735 ILCS 5/2-801" -- which is titled "Prerequisites for the maintenance of a class action" -- and Plaintiff seeks to pursue her claims "on behalf of herself and a Class of similarly situated individuals . . . ." (Compl. ¶ 29.) The Amended Class Motion seeks to expand the scope of potential class

---

[1] A copy of the Amended Class Motion is attached as Exhibit C.

[2] Indeed, the Amended Class Motion explicitly acknowledges this departure, noting that "the Class and Subclass may include non-Illinois residents . . . ." (*Id.* at 12.)

3

members to "[a]ll persons," regardless of their state or country of residence. (Am. Class Mot. at 2.)

12. Accordingly, this action is subject to removal pursuant to the Class Action Fairness Act ("CAFA"). CAFA is "intended to expand substantially federal court jurisdiction over class actions; its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012). Its "primary objective" is to "ensur[e] Federal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (internal quotations omitted).

13. "CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co.*, 133 S. Ct. at 1348 (quoting 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)). Each of the three requirements is met here.

I. **The Proposed Class Has More Than 100 Members**

14. Plaintiff contends that the proposed Class and Subclass have more than 100 members. The Amended Class Motion claims that Defendant "obtained" photographs belonging to "*tens of thousands* of Instagram users," and that the Class and Subclass "are each estimated to include thousands of individuals . . . ." (Am. Class Mot. at 9; emphasis in original.)

II. **The Parties Are Minimally Diverse**

15. "Minimal diversity" exists where any member of the plaintiff class is a citizen of a state different from any defendant. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)). Here, there is minimal diversity.

4

16. Defendant is a corporation, which has two citizenships: Delaware (where it is incorporated), and Illinois, its principal place of business. *See* Compl. ¶ 8; 28 U.S.C. § 1332(c)(1).

17. The Complaint alleged that Plaintiff was a citizen of Illinois. (Compl. ¶ 7.)

18. However, in contrast to the Original Class Definition which limited Plaintiff's class definition to "Illinois residents," the Amended Class Motion (at 2) seeks certification of a class of "*[a]ll persons* who maintained an Instagram account and whose photograph (or photographs) from such was (or were) acquired and used . . . ." (Emphasis added.) In other words, Plaintiffs seek to bring a nationwide (indeed, worldwide) class -- one that, if certified, undoubtedly would include at least some undetermined number of non-Illinois and non-Delaware *citizens* as class plaintiffs. (*See* Am. Class Mot. at 9, 12) (contending that there are thousands of potential class members and that class members are no longer limited to Illinois residents).

### III. The Amount In Controversy Allegedly Exceeds $5,000,000

19. Under CAFA, the amount in controversy must exceed the sum of $5,000,000. 28 U.S.C. § 1332(d)(2)(A). The claims of the individual class members are aggregated in making this determination. 28 U.S.C. § 1332(d)(6). "Class members" include "persons (named or unnamed) who fall within the definition of the proposed or certified class." 28 U.S.C. § 1332(d)(1)(D).

20. The value of requested injunctive relief and potentially recoverable attorneys' fees should be included when calculating the amount in controversy. *See Keeling v. Esurance, Inc. Co.*, 660 F.3d 273, 275 (7th Cir. 2011); *Home Depot, Inc. v. Rickher*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-48 (7th Cir. 2005).

21. Here, the Complaint seeks at least $1,000 in statutory damages for each of Defendant's supposed violations of the IRPA. (Compl. ¶ 43(d).) The Amended Class Motion contends that there are "*tens of thousands*" of class plaintiffs. (Am. Class Mot. at 9; emphasis in original.)

22. By reason of the foregoing, the amount in controversy far exceeds the $5 million threshold under CAFA.[3]

23. For the reasons stated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and removal of this action is proper under 28 U.S.C. § 1441(a).

## PROCEDURAL REQUIREMENTS F*OR REMOVAL*

24. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

25. The Complaint and original Class Motion did not give rise to Federal jurisdiction over this matter because the Original Class Definition was limited to Illinois Residents and, thus, no diversity of citizenship. However, the Amended Class Motion constituted the first "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

---

[3] Attorney's fees may be recoverable under Rule 23 of the Federal Rules of Civil Procedure. However, "because the existence of federal jurisdiction must be judged from the time of removal, 'only attorneys' fees incurred up to the time of removal could be included in the amount in controversy requirement.'" *Cicero-Berwyn Elks Lodge No. 1510 v. Phila. Ins. Co.*, No. 12 C 10257, 2013 WL 1385675, at *5 (N.D. Ill. Apr. 4, 2013) (quoting *ABM Sec. Servs., Inc. v, Davis*, 646 F.3d 475, 479 (7th Cir. 2011)). Here, even without attorneys' fees, the amount in controversy far exceeds $5 million. However, if the Court determines that the amount in controversy is less than $5,000,000, then Plaintiff's counsel should be required to produce their time records or other materials so that Defendant can determine the amount of attorney's fees that are at issue as of removal to analyze whether that amount puts the total amount in controversy over $5 million.

which is or has become removable." 28 U.S.C. § 1446(b)(3). This Notice of Removal is filed within 30 days of receipt by Defendant of the Amended Class Motion, and thus is timely filed.

26. All state-court process, pleadings (other than the Complaint, which is already attached as Exhibit A), and orders served upon Defendant are attached to this Notice of Removal in accordance with 28 U.S.C. § 1446(a).[4]

27. Defendant is the sole defendant named in the Complaint. Because there are no additional defendants in this action, no consent to removal is necessary under 28 U.S.C. § 1446(b)(2)(A).

28. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly: (a) provide written notice of removal to Plaintiff and serve Plaintiff with a copy of this Notice of Removal; and (b) file a copy of the written notice of removal with the Clerk of the Circuit Court of Cook County, Illinois.

29. Venue is proper in this Court pursuant to 28 U.S.SC. § 1446(a) because it is the district court of the United States for the district and division within which the action is pending.

WHEREFORE, Defendant hereby removes this action to the United States District Court for the Northern District of Illinois.

---

[4] *See* Exhibit D (Summons); Exhibit E (Defendant's Answer and Affirmative Defenses to Complaint); Group Exhibit F (all orders entered by the State court).

Respectfully submitted,

GROUPON, INC.

By:    /s/ *Brian E. Cohen*
      One of Its Attorneys

Eric N. Macey (#3122684)
*emacey@novackmacey.com*
Christopher S. Moore (#6256418)
*cmoore@novackmaey.com*
Brian E. Cohen (#6303076)
*bcohen@novackmacey.com*
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900

8

## **CERTIFICATE OF SERVICE**

Brian E. Cohen, an attorney, hereby certifies that he caused a true and correct copy of the foregoing *Notice of Removal*, to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system, and by email and U.S. mail to the individuals identified below. Parties may access this filing through the Court's CM/ECF system.

>Jay Edelson *(jedelson@edelson.com)*
>Ari J. Scharg *(ascharg@edelson.com)*
>Ben Thomassen (*bthomassen@edelson.com*)
>Rafey S. Balabanian (*rbalabanian@edelson.com*)
>EDELSON PC
>350 North LaSalle Street, 13th Floor
>Chicago, IL 60654

on this 20th day of March, 2018.

/s/ *Brian E. Cohen*