# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINE DANCEL, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Case No. 1:18-cv-02027 |
| v. | Hon. Ronald A. Guzman |
| GROUPON, INC., a Delaware Corporation, | Magistrate Judge Jeffrey Cole |
| *Defendant*. | |

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

**INTRODUCTION**

Illinois citizen Christine Dancel filed this case against Illinois citizen Groupon, Inc. more than two years ago in state court asserting violations of Illinois law. After Dancel moved for class certification on March 9, 2018,[1] Groupon removed the case claiming that because her proposed class definition was originally limited to Illinois *residents*, the case was not removable until Dancel revised her class definition to remove the residency limitation. (Notice ¶¶ 6, 10.) Groupon says that this shift both dramatically expanded the class (it didn't) and, for the first time, put it on notice that the class includes non-Illinois citizens. (*Id.* ¶ 18.) Groupon's basis for is unavailing and its removal petition is defective (and untimely) for two reasons: it is premised on a fundamental misunderstanding of diversity jurisdiction and ignores that, using Groupon's own rationale, it could have removed the case long ago.

First, Groupon misunderstands the Court's diversity jurisdiction: *residency* is not the same thing as *citizenship*, and only the latter matters when evaluating whether a case is removable. Here, because the residency of putative class members has no bearing on this Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d)—which only requires minimal, rather than complete, diversity of citizenship—Groupon could have removed the case when it was filed more than two years ago. But it did not remove within 30 days and remand is therefore required.

---

[1] Groupon's removal notice (the "Notice") misleadingly states that Plaintiff filed her motion on March 16, 2018. (Notice ¶ 8.) While true, Dancel served Groupon with a copy of that motion on March 9th and also provided a copy of her filing to the Court at that time—i.e., in connection with a motion seeking leave to file the motion under seal, and pursuant to the instructions she received from Judge Allen's chambers. Judge Allen granted Plaintiff's motion to file the class certification papers under seal on March 16th, and Plaintiff filed the certification motion with the Cook County Clerk that same day.

Second, even if Dancel had limited her initial class definition to Illinois citizens, Groupon knew long ago that Plaintiff would seek certification of a class using the *exact* same criteria for membership that triggered Groupon's recent decision to remove. Namely, in a document Plaintiff sent to Groupon's counsel on July 18, 2017, Dancel explained:

> Plaintiff's complaint alleges a class of "[a]ll Illinois residents." However, Plaintiff intends to move to certify a broader class of all current and former Instagram users whose photos were used by Groupon to endorse an Illinois business Deal page, **which includes individuals who reside outside the state of Illinois**.

(Exhibit A, at 3 (emphasis added).)[2] Plaintiff repeated this same intention in other documents sent to Groupon, including through her written responses to Groupon's discovery requests, which Groupon received on August 14, 2017, where she again stated that she would pursue the "Instagram users"—rather than "Illinois residents"—class. Groupon, however, did not remove within 30 days of its receipt of these documents. Thus, and whether by years or months, Groupon's Notice is late and the case should be remanded.

Further, and even if these procedural defects (which, standing alone, require remand) were ignored, Groupon has maintained since the outset of this case that Dancel lacks Article III standing under the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). Because it bears the burden of establishing the Court's jurisdiction to hear the case, Groupon must account for its incommensurable jurisdictional positions. Unless it does so, remand is appropriate on this basis as well.

Finally, Plaintiff should be awarded her fees and costs related to this motion and the re-litigation of her already-filed amended motion for class certification. While the Supreme Court has clarified that such awards are only appropriate where a defendant lacked an objectively reasonable basis for seeking removal, that is the case here. The timing requirements of 28 U.S.C.

---

[2] All exhibits referenced herein refer to exhibits attached to the Declaration of Benjamin S. Thomassen ("Thomassen Decl.").

§ 1446(b) are well-established and Groupon's basis for removing the case runs contrary to clearly established law.

## BACKGROUND

Dancel filed this putative class action in the Circuit Court of Cook County on February 5, 2016. (Notice ¶ 4.) The complaint alleges that Groupon systematically violated the Illinois Right to Publicity Act (the "IRPA") by harvesting photos from the social media website Instagram.com and using them without permission to advertise the sale of its vouchers to Illinois businesses. For example, Groupon acquired a photo that Dancel had posted on Instagram, which depicted herself and her boyfriend at a restaurant in Mt. Vernon, Illinois. Groupon then used her photo in its online advertising of vouchers to that restaurant. Relevant here, the complaint alleged that Dancel is an Illinois citizen, and that Groupon is incorporated in Delaware and maintains its principle place of business in Illinois. (*Id.* ¶¶ 16, 17.) The complaint did not impose any citizenship limitations on Plaintiff's proposed class. Rather, Dancel sought to represent "[a]ll Illinois residents" whose social media photos taken at Illinois businesses were appropriated and used by Groupon to advertise the products and services sold through its website. (*Id.* ¶ 6.)

Groupon moved to dismiss. But despite being in Illinois state court, Groupon argued that Plaintiff lacked standing to sue based on the Supreme Court's decision in *Spokeo, Inc. v. Robins*—an opinion concerning Article III's "case or controversy" clause—and otherwise contested whether Plaintiff stated a claim under the IRPA. (Ex. F (Groupon Motion to Dismiss) at 2.) The Court denied Groupon's motion.

The parties also completed class discovery. As a part of its document production, Groupon produced two files that logged the photos and other data it received from Instagram

3

over the course of just two days, which belonged to *tens of thousands* of Instagram users that had posted photos "tagged" with the location of Illinois businesses. (Thomassen Decl. ¶ 2.)

Plaintiff sought additional class discovery from Instagram. Instagram resisted Plaintiff's subpoena, which resulted in simultaneous petitions to compel and quash. (*Id.* ¶ 3.) In the memorandum in support of her petition to compel Instagram's production—which was filed on July 17, 2017 and sent to Groupon the next day, (Thomassen Decl. ¶ 4)—Plaintiff explained her theory of the case and the relevancy of the documents she sought from Instagram. (Ex. A at 3.) She also explained that the "class" in her case against Groupon would focus on "**all individuals who took a photo in Illinois, posted that photo on their Instagram account, and whose photo was used by Groupon to advertise an Illinois business**." (*Id* (emphasis added).) For additional context, Plaintiff acknowledged that

> [her] complaint alleges a class of "[a]ll Illinois residents." However, **Plaintiff intends to move to certify a broader class of all current and former Instagram users whose photos were used by Groupon to endorse an Illinois business Deal page, which includes individuals who reside outside the state of Illinois.**

(*Id.* n. 5 (emphasis added).) Plaintiff made these same points in her opposition to Instagram's petition to quash—which was filed and sent to Groupon on July 27, 2017 (Thomassen Decl. ¶ 5)—where she again explained:

> **Dancel will seek to certify a class of all individuals whose likenesses (i.e., Instagram photos) were used by Groupon to advertise an Illinois business. For this class, there is no need to identify whether any given Instagram user is or is not an Illinois resident**; rather, the determinative fact is whether the user took a photo in Illinois and then posted that photo on Instagram.

(Exhibit B at 10 (emphasis added).) Finally, in the reply brief filed in support of her motion to compel—which was filed and sent to Groupon on August 2, 2017 (Thomassen Decl. ¶ 6)—Plaintiff explained that whether an Instagram user resided in Illinois was of no consequence to

4

the class information she sought, because "the class she [would] seek to certify are those [whose photos] were taken in Illinois." (Exhibit C at 6.)

Plaintiff also responded to Groupon's discovery requests. Many of Groupon's interrogatories sought clarification on the class that Dancel would seek to certify. (*See* Ex. D (Groupon Interrogatories), Interrogatories Nos. 2-4, 8.) On August 14, 2017, Dancel served her written responses on Groupon. Consistent with the explanations that she previously sent to Groupon, those responses included the following:

1. In response to a question asking how Dancel intended to identify class members, she stated that "that information produced by Groupon in this matter identifies approximately **65,000 individuals whose Instagram photo(s) and identity were used in connection with Groupon's advertising of Illinois businesses** (i.e., through Groupon Deal webpages). Each of these individuals has a claim under the Illinois Right of Publicity Act that is practically indistinguishable from Plaintiff's claim." (Ex. E (Plaintiff Responses to Groupon Interrogatories), Resp. to Interrog. No. 2.)

2. In response to a question asking how Dancel intended to notify class members of the litigation, she stated that class members would "**include individuals whose Instagram photo(s) and identity were used in connection with Groupon's advertising of Illinois businesses** (i.e., through Groupon Deal webpages)." (*Id.*, Resp. to Interrog. No. 3.)

3. In response to a question asking Dancel to identify class members, she stated that "**a partial list of individuals whose Instagram photo(s) and identity were used in connection with Groupon's advertising of Illinois businesses (i.e., through Groupon Deal webpages), can be derived from documents produced by Groupon, including those produced at G_03302.log and G_03303.log**." (*Id.*, Resp. to Interrog. No. 4.)

4. In response to a question asking Dancel to identify any all damages she intends to seek in the case, she stated that "**she, on behalf of herself and all others similarly situated, intends to seek statutory damages in the amount of $1,000 per each of Defendant's violations under the Illinois Right of Publicity Act**[.]" (*Id.*, Resp. to Interrog. No. 8.)

On March 9, 2018, Plaintiff moved for class certification. (Notice at ¶ 8.) Dancel sought certification of the same group she identified in July and August 2017: individuals whose photos

Groupon acquired and used to advertise Illinois businesses. (*Id.* ¶ 9 ("Instagram Class: All persons who maintained an Instagram account and whose photograph (or photographs) from such account was (or were) acquired and used on a groupon.com webpage for an Illinois business.").)

Groupon removed on March 20, 2018. Obviously sensitive to the unusual timing of the removal (which was filed two years into the case), Groupon asserted that:

> The Complaint and original Class Motion did not give rise to Federal jurisdiction over this matter because the Original Class Definition was limited to Illinois Residents and, thus, no diversity of citizenship. However, the Amended Class Motion constituted the first "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

(Notice at ¶ 25.) Relying on Plaintiff's class certification filing, Groupon contends removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of . . . other paper from which it may first be ascertained that the case is one which is or has become removable." (Notice ¶¶ 24-25.)

The following week, the parties met and conferred on Groupon's proposal to reset deadlines relating to Plaintiff's then-pending amended motion for class certification. (Thomassen Decl. ¶ 9.) Because she planned to seek remand, Plaintiff stated that, in the interests of efficiency and to avoid the expenditure of unnecessary costs should the case be remanded, the parties should discuss a new schedule in line with the already-scheduled initial appearance hearing set by the Court. (*Id.*) Groupon disagreed and proceeded with its motion. (Dkt. 15.) At the presentment hearing, the Court ordered Plaintiff to file a new motion for class certification by April 13, 2018, and ordered the parties to move forward with briefing on the revised motion. (Dkt. 17.)

6

**ARGUMENT**

Groupon's Notice of Removal is procedurally and substantively defective: it fails to meet the timing requirements of Section 1446(b) and, even if it did, Groupon fails to explain how—despite its contention that Plaintiff lacks Article III standing to sue—the Court has subject matter jurisdiction to hear the case. The case should be remanded and Dancel should be awarded fees and costs for this unnecessary detour to federal court.

On a motion to remand, "[t]he defendant bears the burden of establishing removability, and all doubts about federal jurisdiction are resolved in favor of remand to state court." *Wilson v. The Master's Miracle, Inc.*, No. 05 C 6590, 2006 WL 163020, at *1 (N.D. Ill. Jan. 19, 2006); *See also Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000) ("The removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal."). As the removing party, Groupon bears the burden of establishing federal jurisdiction, *Schur v. L.A. Weight Loss Centers*, 577 F.3d 752, 758 (7th Cir. 2009), along with its compliance with the requirements of the removal statute, *Pullen-Walker v. Roosevelt Univ.*, No. 05 C 7053, 2006 WL 862061, at *1 (N.D. Ill. Apr. 3, 2006). *See also Ortiz v. Gen. Motors Acceptance Corp.*, 583 F. Supp. 526, 529–30 (N.D. Ill. 1984) ("[W]here there is doubt as to whether the [statutory] requirements [of 28 U.S.C. § 1446] have been satisfied, the case should be remanded."). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

**I.      Groupon's Removal is untimely.**

The timeliness of Groupon's Notice turns on whether "the case stated by the initial pleading" was removable or, if it was not, the date Groupon first received any other paper "from

7

which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (b)(3). Groupon asserts that its removal is timely because the case was not removable from the outset (because Dancel's original class was limited to "Illinois residents" and the parties are both Illinois citizens) and did not "become" removable until March 9, 2018, (when Groupon received Plaintiff's amended motion for class certification). (Notice ¶¶ 15-17, 18.) Groupon is wrong on both counts. Because Dancel's proposed class was never limited to Illinois *citizens*, the case was removable from the outset. And even if it were not then, it certainly was removable after Groupon received *four* separate documents—in July and August 2017—that apprised Groupon of the expanded class definition. Either way, Groupon's Notice is not even close to timely and remand is required.

The removal statute sets two 30-day deadlines for removal, depending on whether "the case stated by the initial pleading" is removable:

> **[If the case is removable from the outset,]** [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> **[I]f the case stated by the initial pleading is not removable**, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (b)(3). "While the time limitation imposed by §1446(b) is not jurisdictional, it is a strictly applied rule of procedure and untimeliness is a ground for remand so

8

long as the timeliness defect has not been waived."[3] *N. Illinois Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982) (internal citations omitted). Where a removal notice is filed late, remand is required. *See, e.g., Wilson*, 2006 WL 163020, at *1-2 (remanding case and awarding fees where removal notice was filed one day late).

So is the case here. Groupon's deadline to remove passed either 30 days after (i) it was initially served with the complaint or, at the latest, (ii) it received documents where Plaintiff expressly noted she would seek certification of a minimally diverse class.

First, Groupon's 30-day deadline to remove was triggered once it was served with the original complaint in February of 2016. True, Dancel's original complaint and motion for class certification sought certification of a class of "Illinois residents." (Notice ¶ 6.) But diversity is based on the parties' and putative class members' *citizenship*, not residency—and only minimal diversity is "required for removal under the CAFA." *De Falco v. Vibram USA, Inc.*, No. 12 C 7238, 2013 WL 1122825, at *4 (N.D. Ill. Mar. 18, 2013) (citing 28 U.S.C. § 1332(d)(2)). *See also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another[.]") (citations omitted); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[Plaintiff's] complaint alleged that he 'resides in the State of Michigan,' but residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."). If Dancel had limited her class to Illinois *citizens*, the case would not have been initially removable. *In re Sprint Nextel Corp.*, 593 F.3d 669, 676 (7th Cir. 2010)

---

[3] Because the timing of a removal notice is a procedural defect, it is "waived if a [plaintiff] does not bring a timely motion to remand the case to state court. *Pettitt v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010) (citing 28 U.S.C. § 1447(c)). Here, no waiver occurred because Plaintiff filed her motion to remand within 30 days after Groupon filed its removal notice on March 20, 2018.

9

(defining a class in terms of non-diverse citizens would "guarantee[] that the suit would remain in state court"). But she did not, and Groupon's apparent presumption that Dancel's proposed class of Illinois *residents* consisted entirely of Illinois *citizens*—without a single exception—is ill-advised "guesswork." *Id.* at 673–74 (rejecting argument that class of "'all Kansas residents' who . . . (1) had a Kansas cell phone number, (2) received their cell phone bill at a Kansas mailing address, and (3) paid a Kansas 'USF fee'" were also Kansas citizens). Accordingly, "because 'the class defined in the Complaint [was] not limited to citizens of [Illinois]," nothing prevented Groupon from removing the case to federal court upon its receipt of the initial pleadings. *See In re Text Messaging Antitrust Litig.*, No. 08 C 7082, 2009 WL 2488301, at *2 (N.D. Ill. Aug. 13, 2009), *appeal granted, judgment vacated sub nom. on other grounds*, *In re Sprint Nextel Corp.*, 593 F.3d 669 (7th Cir. 2010). Groupon's Notice is two years late and the case must be remanded. 28 U.S.C. § 1446(b)(1).

Second, even if Groupon persists in its conflation of "residency" and "citizenship," Groupon received four separate documents—over the course of July and August 2017—where Plaintiff unambiguously communicated that she would seek certification of the *same* class now featured in her amended motion for class certification. To recap:

- On July 18, 2017, Groupon received a document where Plaintiff stated that she would "move to certify a broader class of all current and former Instagram users whose photos were used by Groupon to endorse an Illinois business Deal page, which includes individuals who reside outside the state of Illinois," (Ex. A at 3, n. 5);

- On July 27, 2017, Groupon received a document where Plaintiff stated she would "seek to certify a class of all individuals whose likenesses (i.e., Instagram photos) were used by Groupon to advertise an Illinois business [for which] there [was] no need to identify whether any given Instagram user is or is not an Illinois resident," (Ex. B at 10);

- On August 2, 2017, Groupon received a document where Plaintiff confirmed that "the class she [would] seek to certify [was comprised of individuals whose

10

>photos] were taken in Illinois," rather than persons who were Illinois Residents, (Ex. C at 6); and

- On August 14, 2017, Groupon received Plaintiff's sworn discovery responses where she explained that she would seek certification and pursue damages on behalf of a class of "individuals whose Instagram photo(s) and identity were used in connection with Groupon's advertising of Illinois businesses," (Ex. E, Resp. to Interrog. Nos. 2-4, 8.).

Each of these documents communicated—as Groupon's Notice admits—that Plaintiff would broaden her class to "include at least some undetermined number of non-Illinois and non-Delaware *citizens* as class plaintiffs." (*See* Notice ¶ 18.) Because Groupon concedes that the removability of this case could be ascertained from the amended class definition, (*id.* ¶ 25), it must also concede that it could have ascertained removability from these documents, which were either sent directly to Groupon's counsel (by email and U.S. Mail) or produced as discovery in this case. *See Mathur v. Hosp. Properties Tr.*, No. 13 CV 7206, 2014 WL 1287167, at *2 (N.D. Ill. Mar. 31, 2014) (defendant's receipt of email from plaintiff stating that he would seek more than $75,000 in damages triggered Section 1446's 30-day removal clock); *Rooflifters, LLC v. Nautilus Ins. Co.*, No. 13 C 3251, 2013 WL 3975382, at *6 (N.D. Ill. Aug. 1, 2013) (plaintiff's state court "responses to [defendant's] discovery requests constitute 'other paper' within the meaning of [Section 1446(b)(3)].") (collecting cases). Thus, Section 1446(b)(3)'s 30-day clock was triggered on July 18, 2017 and Groupon's removal is untimely as a result. *See Thornton v. Signature Flight Support Corp.*, No. 04 C 5795, 2004 WL 2608291, at *2-3 (N.D. Ill. Oct. 14, 2004) (ordering remand where removability was clear from the allegations of the complaint and "even more clear" from the plaintiff's responses to interrogatories, but the defendant failed to remove within thirty days of receipt of either); *Campbell v. Bayou Steel Corp.*, 338 F. Supp. 2d 896, 902-03 (N.D. Ill. 2004) (ordering remand where, although the allegations of the complaint were sufficient to put the defendants on notice of the existence of diversity jurisdiction, any

11

"genuine doubts" about the jurisdictional requirements should have been dispelled by the plaintiff's responses to interrogatories).

Whether by years or months, Groupon's Notice is late and remand is required.

### II. Even if its Notice were not untimely, Groupon must still demonstrate the Court's jurisdiction.

Even if Groupon's Notice were not months (or years) late, it must still affirmatively demonstrate that the Court has jurisdiction over this case. To be clear, Plaintiff does not contest that CAFA's requirement of minimal diversity is satisfied, whether based on her original class definition or the one described in her interrogatory responses (which was later presented in her pending motion for class certification). But as noted above, Groupon previously argued in its motion to dismiss that Plaintiff lacks Article III standing in state court under *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540. (Exhibit F (Groupon Motion to Dismiss) at 9-10.) While that argument failed to recognize that Illinois has different standing rules, *see Lebron v. Gottlieb Mem'l Hosp.*, 237 Ill. 2d 217, 254 n.4 (2010) (explaining that while "[u]nder federal law, standing is a threshold question under the case-or-controversy requirement of [A]rticle III," Illinois courts are "not required to follow federal law on issues of standing," and "ha[ve] expressly rejected [such] federal principles of standing."), it matters now because Groupon bears the burden of establishing the Court's jurisdiction upon removal. Thus, Groupon must account for its incommensurable jurisdictional position and until it does so, remand is required. *See Barnes v. ARYZTA, LLC*, No. 17-CV-7358, 2017 WL 6947882, at *1 (N.D. Ill. Dec. 20, 2017) (granting motion to remand and awarding fees where removing defendant asserted plaintiff "lacked a concrete injury-in-fact sufficient to confer Article III standing pursuant to the Supreme Court's ruling in *Spokeo, Inc. v. Robins*[.]"). *See also Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016) (same).

A. **Plaintiff Is Entitled to Fees.**

Upon remanding the case, Groupon should be ordered to pay Plaintiff's attorneys' fees and costs incurred as a result of Groupon's removal.[4]

Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The court may award fees upon remand where (1) a defendant "lacked an objectively reasonable basis for seeking removal," or (2) in "unusual circumstances[.]" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Because the "law on the timeliness of removal [is] clearly established," several courts have found that *untimely* removal notices are not objectively reasonable and therefore warrant an award of fees and costs. *DC Liquidators, LLC v. Warehouse Equip. Specialists, LLC*, No. 14 C 7222, 2015 WL 1502945, at *2 (N.D. Ill. Mar. 27, 2015). *See also Turner v. Buske Lines, Inc.*, No. 1:06-CV-0155-DFH-WTL, 2006 WL 566108, at *4 (S.D. Ind. Mar. 7, 2006) (remanding and awarding fees based on defendant's untimely removal); *Himes v. Allstate Prop. & Cas. Ins. Co.*, No. 1:13-CV-00456-TWP, 2013 WL 1857440, at *2 (S.D. Ind. May 2, 2013) (same); *Ocwen*

---

[4] Should the Court order an award pursuant to 28 U.S.C. § 1447(c), Plaintiff will submit a report of all fees and costs incurred as a result of Groupon's untimely removal. Plaintiff recognizes that, in many Section 1447(c) awards, fees and costs are limited to those incurred in opposing removal. Here, however, Groupon affirmatively moved the Court to move forward with briefing on the already-pending amended motion for class certification, and also requested leave to conduct additional class discovery. Should the case be remanded, Plaintiff will seek all fees and costs associated with those activities (including Plaintiff's need to re-draft her motion in line with Federal Rule of Civil Procedure 23), which would not have occurred but for Groupon's untimely removal and insistence that the case move forward despite knowing that Plaintiff would seek remand.

*Loan Servicing, LLC v. Ghiselin*, No. 16-CV-1141, 2016 WL 8677311, at *3-4 (C.D. Ill. July 25, 2016) (same).

Here, Groupon's decision to sit on its ability to remove was not objectively reasonable. At the outset, Groupon should have realized that it had 30 days to remove upon its receipt of Plaintiff's complaint—a period that lapsed in March 2016. 28 U.S.C. § 1446(b)(1). The fact that Groupon's Notice attempts to confuse the distinct issues of residency and citizenship as they relate to CAFA jurisdiction—issues that are well-settled in this Circuit, *see, e.g.*, *In re Sprint Nextel Corp.*, 593 F.3d at 673-74—simply compounds the problem. *See DC Liquidators, LLC*, 2015 WL 1502945, at *2 (remanding case on timeliness grounds and awarding fees, finding that "[d]efendants' removal of the case . . . disregarded clearly established law relating to diversity of citizenship . . . [which] lend[ed] support to the proposition that there was no objectively reasonable basis for removal.").

Alternatively, Groupon should have unquestionably recognized the 30-day "other paper" deadline of Section 1446(b)(3) was triggered in mid-2017, when Groupon received several documents exhibiting Plaintiff's intention to seek certification of a broader class. This is manifest from Groupon's Notice of Removal, which admits that Plaintiff's amended class definition—"All persons who maintained an Instagram account and whose photograph (or photographs) from such account was (or were) acquired and used on a groupon.com webpage for an Illinois business"—would "undoubtedly" include minimally diverse "class plaintiffs." (Notice ¶¶ 9, 18.) Because this *same* description and identification of the class was prevalent throughout the material that Plaintiff provided to Groupon and its counsel in July and August 2017, (Ex. A at 3, n. 5; Ex. B at 10; Ex. C at 6; Ex. E, Resp. to Interrog. Nos. 2-4, 8), Groupon—by its own reasoning—was thereby on notice that the case was or had become removable. 28 U.S.C. §

14

1446(b)(3). Its decision to wait more than eight months before filing its Notice is not objectively reasonable.

## CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests that this Court: (1) remand the case to the Circuit Court of Cook County, Illinois; (2) award Plaintiff the fees incurred as a result of Defendant's untimely and improper removal; and (3) grant such other relief as the Court deems just and proper.

Dated: April 17, 2018  Respectfully submitted,

**CHRISTINE DANCEL**, individually and on behalf of class of similarly situated individuals,

By: /s/ Benjamin S. Thomassen

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Ben Thomassen
bthomassen@edelson.com
EDELSON PC
350 N. LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

      I, Benjamin S. Thomassen, hereby certify that on April 17, 2018, I served the above and foregoing ***Memorandum of Law in Support of Plaintiff's Motion for Remand to State Court*** by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this 17th day of April 2018.

                                                       /s/ Benjamin S. Thomassen