IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Christine Dancel, individually and on behalf of others similarly situated,**<br>**Plaintiff,**<br><br>v.<br><br>**Groupon, Inc.,**<br>**Defendant.** | Case No. 18 C 2027<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court concludes that Plaintiff has standing to sue Groupon in federal court and thus denies that basis for Plaintiff's motion to remand. The Court, however, has determined that additional briefing is required with respect to the timing of the removal.

## STATEMENT

In the instant suit, Plaintiff, individually and on behalf of others similarly situated, sued Groupon in state court, alleging that by "using individuals' photographs and likenesses [as posted on Instagram] without their written consent for its own material gain," Groupon has violated the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq.* ("IRPA"). (Compl., Dkt. # 2-1, ¶ 6.) Groupon removed the case to this Court after it was pending in state court for approximately two years.

Among several motions currently pending is Plaintiff's motion to remand the case to the Circuit Court of Cook County, asserting in part that Groupon has not demonstrated that Plaintiff has Article III standing. While the parties dispute whether either of them actually challenges Plaintiff's standing–based on whether Plaintiff has suffered a sufficiently "concrete and particularized injury" under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)–the Court directed the parties to brief the issue further given the Court's responsibility to confirm that it has subject-matter jurisdiction over the case. *See Dixon v. Wash. & Jane Smith Cmty.-Beverly*, No. 17 C 8033, 2018 WL 2445292, at *8 (N.D. Ill. May 31, 2018) (noting that while "[s]ubject matter jurisdiction has not been expressly challenged . . . . because it has been cast into doubt, albeit indirectly, by the defendants' motions to dismiss–and because courts have an independent duty to ensure that jurisdiction exists–the Court will . . . decid[e] the underlying question of standing prior to determining the propriety of remanding the case to the state court.").

To have Article III standing to sue in federal court, "a plaintiff must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is

likely to be redressed by a favorable judicial decision.'" *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (quoting *Spokeo*, 136 S. Ct. at 1547). IRPA provides that "[t]he right to control and to choose whether and how to use an individual's identity for commercial purposes is recognized as each individual's right of publicity." 765 ILCS 1075/10. Here, Plaintiff alleges that she was deprived of this right when Groupon used her photo without her consent–in other words, when it deprived her of the right to control and choose whether she would allow a person or entity to use her identity in its advertisements and, if so, how it would be used–the exact right the IRPA was passed to protect. *See Wheeler v. Midland Funding, LLC*, No. 15 C 11152, 2017 WL 3235683, at *5 (N.D. Ill. July 31, 2017) (concluding that debt collection letter which "failed to inform [the plaintiff] that the statute of limitations had run on his debt while trying to collect his debt and [the plaintiff's allegation] that he was confused about the status of his debt due to [the defendants'] failure to inform him of his debt" conferred standing because these were "exactly the type of injur[ies] the FDCPA was enacted to prevent."). As noted by the Seventh Circuit:

> The basis of a right of publicity claim concerns the message—whether the plaintiff endorses, or appears to endorse the product in question. One can imagine many scenarios where the use of a photograph without consent, in apparent endorsement of any number of products, could cause great harm to the person photographed.

*Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005). Moreover, contrary to other cases in which mere "procedural" violations of a statute occurred, the Seventh Circuit has acknowledged that "the dissemination to a third party of information in which a person has a right to privacy is a sufficiently concrete injury for standing purposes." *Dixon*, 2018 WL 2445292, at *10 (citing *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 910 (7th Cir. 2017) (plaintiff lacked standing because he "has not alleged that Time Warner has ever given away or leaked or lost any of his personal information or intends to give it away or is at risk of having the information stolen from it.")). For these reasons, the Court concludes that Groupon has shown that Plaintiff alleges a concrete and particularized injury at this stage of the litigation.

Plaintiff also moves to remand the case to state court on the ground that Groupon's removal was untimely. The class-action complaint was originally filed in state court on February 5, 2016, seeking relief on behalf of Illinois residents who had their Instagram images used by Groupon without their consent. On March 16, 2018, Plaintiff filed an amended motion for class certification, seeking certification of two classes: the Instagram Class, comprising all persons who maintained an Instagram account and whose photograph was used by Groupon for an Illinois business; and the Personal Photo Subclass, comprising members of the Instagram Class whose likeness appeared in any photograph acquired and used by Instagram. Within thirty days of the amended motion for class certification being filed, Groupon removed the action pursuant to the Class Action Fairness Act ("CAFA")[1] and 28 U.S.C. § 1446(b)(3), the latter of which states in

---

[1] Pursuant to CAFA, a federal court has subject-matter jurisdiction over class actions where the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547,

relevant part that:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within *30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.*

28 U.S.C. § 1446(b)(3) (emphasis added). According to Groupon, because the amended motion for class certification eliminated the original class limitation to "Illinois residents," thus opening the class to individuals outside of Illinois, the filing of that motion was when it first ascertained that the requirement of minimal diversity necessary under CAFA was met.[2]

For her part, Plaintiff contends that the original 2016 state-court complaint was removable despite the fact that the alleged class was limited to Illinois residents. In particular, Plaintiff asserts that her proposed original class was limited to Illinois residents, not Illinois citizens, and because diversity is based on citizenship, not residency, Groupon could have removed the case upon its initial filing in state court. In other words, Groupon's apparent presumption that Illinois residents are necessarily domiciled in (*i.e.*, citizens of) Illinois was misplaced and, according to Plaintiff, Groupon should have removed the case earlier.

Having reviewed the parties' briefs and conducted its own research on this issue, the Court concludes that additional briefing from the parties will be helpful in resolving the remainder of Plaintiff's motion to remand. Plaintiff is directed to file a brief within 14 days of the date of entry of this order, addressing the following: (1) what, if any, is the burden on a removing defendant to ascertain the citizenship of plaintiffs generally, and more particularly, putative class members, both in an initial pleading and when subsequent pleadings, motions, and papers are filed; (2) other than the pleadings and interrogatory responses pointed out by Plaintiff as purportedly putting Groupon on notice that minimal diversity existed under CAFA, is there any other information provided in discovery (documents, deposition testimony, etc.) or other correspondence that may have put Groupon on notice that either the initial class included non-Illinois citizens or that Plaintiff had a specific and concrete intention to amend its class definition; and (3) are either the home-state or local-controversy exceptions, 28 U.S.C. §§ 1332(d)(3) and (4), to CAFA implicated in this case, and if so, how?

The Court acknowledges that the parties have covered some of these issues to varying degrees, but directs the parties to focus their additional briefing on CAFA cases (to the extent

---

551-52 (2014). Minimal diversity exists when any member of the plaintiff class is a citizen of a state different from any defendant. *Murphy v. Foster Premier, Inc.*, No. 17 CV 8114, 2018 WL 3428084, at *2 (N.D. Ill. July 16, 2018).

[2] It is undisputed that Groupon is a Delaware corporation with its principal place of business in Illinois and is thus a citizen of Illinois and Delaware.

possible), and to apply the law to the specific facts of this case. In the event case law is lacking in the Seventh Circuit, the Court directs the parties to expand their discussion to include other jurisdictions, particularly if cases from other circuits are more on point with the facts of this case. Moreover, the parties are not restricted to the three issues identified by the Court if they believe other issues should be considered in resolving the remainder of the motion to remand. Groupon shall file a response within 14 days of Plaintiff's supplemental filing. No reply shall be filed unless directed by the Court.

**Date:** October 10, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**