IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christine Dancel, individually and on behalf of others similarly situated, <br>     Plaintiff, <br><br> v. <br><br> Groupon, Inc., <br>     Defendant. | Case No. 18 C 2027 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below and in its previous order of October 10, 2018 (Dkt. # 113), the Court denies Plaintiff's motion to remand [31].

## STATEMENT

The Court assumes familiarity with its previous orders and the procedural history of the case. Currently under consideration is Plaintiff's motion to remand on the ground that Groupon's removal was untimely. The class-action complaint was originally filed in state court on February 5, 2016, seeking relief on behalf of Illinois residents whose Instagram images were used by Groupon without their consent. On March 16, 2018, Plaintiff filed an amended motion for class certification, seeking to certify two classes: the Instagram Class, comprising all persons who maintained an Instagram account and whose photograph was used by Groupon for an Illinois business; and the Personal Photo Subclass, comprising members of the Instagram Class whose likeness appeared in any photograph acquired and used by Instagram. Within thirty days of the amended motion for class certification being filed, Groupon removed the action pursuant to the Class Action Fairness Act ("CAFA")[1] and 28 U.S.C. § 1446(b)(3), the latter of which states in relevant part that

> if the case stated by the initial pleading is not removable, a notice of
> removal may be filed within *30 days after receipt by the defendant,
> through service or otherwise, of a copy of an amended pleading, motion,*

---

[1] Pursuant to CAFA, a federal court has subject-matter jurisdiction over class actions where the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551-52 (2014). Minimal diversity exists when any member of the plaintiff class is a citizen of a state different from any defendant. *Murphy v. Foster Premier, Inc.*, No. 17 CV 8114, 2018 WL 3428084, at *2 (N.D. Ill. July 16, 2018).

> *order or other paper from which it may first be ascertained that the case is one which is or has become removable.*

28 U.S.C. § 1446(b)(3) (emphasis added). According to Groupon, because the amended motion for class certification eliminated the original class limitation to "Illinois residents," thus opening the class to individuals domiciled outside of Illinois, the filing of that motion was when it first ascertained that the requirement of minimal diversity necessary under CAFA was met.[2]

For her part, Plaintiff contends that the original 2016 state-court complaint was removable despite the fact that the alleged class was limited to Illinois residents. In particular, Plaintiff asserts that her proposed original class was limited to Illinois residents, not Illinois citizens, and because diversity is based on citizenship, not residency, Groupon could have removed the case upon her initial filing in state court. In other words, Groupon's apparent presumption that Illinois residents are necessarily domiciled in (*i.e.*, citizens of) Illinois was misplaced and, according to Plaintiff, Groupon should have removed the case earlier.

The Court finds Plaintiff's position unpersuasive. "The 30-day removal clock is triggered by the defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013). As noted, Plaintiff's original class definition was limited to Illinois residents. While it is possible that putative class members could have included individuals who were residents, but not citizens, of Illinois, thus allowing for the possibility that minimal diversity existed, Plaintiff's class definition as originally stated did not affirmatively and unambiguously establish that fact. As noted by the Seventh Circuit:

> It's clear that the 30-day removal clock is triggered *only* by the defendant's receipt of a pleading or other litigation paper facially revealing that the grounds for removal are present.
>
> . . .
>
> This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants.

*Id.* at 823-24 (emphasis in original). While the *Walker* court was discussing the amount in controversy under CAFA, this Court sees no reason the same approach should not apply with respect to the citizenship inquiry. "[T]he timeliness inquiry is limited to the examining contents of the clock-triggering pleading or other litigation paper; the question is whether *that document*, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous

---

[2] It is undisputed that Groupon is a Delaware corporation with its principal place of business in Illinois and is thus a citizen of Illinois and Delaware.

notice that the case satisfies federal jurisdictional requirements and therefore is removable." *Id*. at 825 (emphasis in original).

Plaintiff contends that statements she made in 2017 regarding her intent to seek to certify a broader class put Groupon on notice that her class might include some non-Illinois and non-Delaware citizens, thus triggering the 30-day removal deadline.³ The Court disagrees. Groupon had no basis to know whether Plaintiff would, in fact, move to certify a broader class. As noted above, the 30-day deadline is triggered only when the "pleading or other litigation paper facially reveal[s] that the grounds for removal *are* present," not will be at some unspecified time in the future. *Id*. at 823 (emphasis added). The removal statute's reference to "other papers" does not require Groupon to speculate as to whether Plaintiff would indeed follow through on her assertions of enlarging the class in the future. *Id*. at 825 ("Assessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation."). If anything, Plaintiff's references to broadening the class could have just as easily reinforced Groupon's understanding that the class as originally defined did *not* include non-Illinois or non-Delaware citizens.

For these reasons, Plaintiff's motion to remand the case on the ground that the removal was untimely is denied, and her request for attorney's fees related to the removal is also denied.

**Date**: December 4, 2018

								_____
								**Ronald A. Guzmán**
								**United States District Judge**

---

³ For example, Plaintiff points to an email she sent to Groupon's counsel on July 18, 2017, which attached a copy of a motion to compel Plaintiff had filed in California state court relating to a subpoena she had issued to Instagram. In that motion, Plaintiff stated in part as follows:

> Plaintiff's complaint alleges a class of '[a]ll Illinois residents.' However, Plaintiff intends to move to certify a broader class of all current and former Instagram users whose photos were used by Groupon to endorse an Illinois business Deal page, which includes individuals who reside outside the state of Illinois.

(Thomassen Decl., Ex. A, Dkt. # 33-1, at 3.)